# IN THE COURT OF APPEALS OF IOWA

No. 21-1760
Filed February 16, 2022

**IN THE INTEREST OF L.F.,**
**Minor Child,**

**G.G., Father,**
　　　Appellant,

**R.F., Mother,**
　　　Appellant.
_____

Appeal from the Iowa District Court for Warren County, Mark F. Schlenker, District Associate Judge.

A mother and father separately appeal the termination of their parental rights. **AFFIRMED ON BOTH APPEALS.**

Gina E. V. Burress of Carr Law Firm, P.L.C., Des Moines, for appellant father.

Karen A. Taylor of Taylor Law Offices, P.C., Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Magdalena Reese of Juvenile Public Defender, Des Moines, attorney and guardian ad litem for minor child.

Considered by Bower, C.J., and Greer and Badding, JJ.

**BOWER, Chief Judge.**

A mother and father separately appeal the termination of their parental rights. We find the State established grounds for termination, termination is in the child's best interests, and no exceptions to termination apply. We affirm both appeals.

We review termination-of-parental-rights proceedings de novo. *In re M.D.*, 921 N.W.2d 229, 232 (Iowa 2018). While we give weight to the juvenile court's factual findings, we are not bound by them. *Id.* Our primary concern is the best interests of the child. *Id.*

L.F. was born in January 2021, testing positive for amphetamines and methamphetamine. The child was removed from the parents' custody three days later. The child was adjudicated a child in need of assistance (CINA) in April. In July, the court granted the State's motion to waive reasonable efforts. *See* Iowa Code § 232.102(12) (2021). The court held a termination hearing in September, where neither parent testified. In November, the court terminated both parents' rights under Iowa Code section 232.116(1)(g) and (h). Each parent appeals.

Each challenges the grounds of termination, arguing the State failed to prove the child could not be returned to their custody, *see id.* § 232.116(1)(h)(4), and the State failed to prove they could or would not respond to services and an additional period of rehabilitation would not correct the situation, *see id.* § 232.116(1)(g)(3)–(4). Each parent further asserts termination of their parental rights is not in the child's best interests. The mother also argues an exception to termination should be applied because the child could be placed in a guardianship with a relative.

"When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm."  *In re T.S.*, 868 N.W.2d 425, 435 (Iowa Ct. App. 2015).  We will consider if there was sufficient evidence to terminate the parents' rights under section 232.116(1)(h).

Under paragraph (h), the court may terminate a parents rights if:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated [CINA] pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

Iowa Code § 232.116(1)(h).

Neither parent contests the first three elements: L.F. is younger than three years of age, has been adjudicated CINA, and has been out of the parents' custody for more than six months.  *See id.* § 232.116(1)(h)(1)–(3).  Each parent contests the final element, asserting no evidence was presented at trial to support a finding of substance abuse in the home to justify continued removal and the child could be returned to their custody.

The parents have been involved with the Iowa Department of Human Services (DHS) since October 2019, when a different child was removed from both parents' custody due to their methamphetamine and amphetamine use in the home.  *See In re T.F.-G.*, No. 21-0675, 2021 WL 3909818, at *1 (Iowa Ct. App. Sept. 1, 2021) (noting officers found methamphetamine and drug paraphernalia in

the home, and T.F.-G. tested positive for methamphetamine at the time of the removal as well as after a trial period at home in July 2020).[1] The mother was convicted of possession of methamphetamine and the father of child endangerment, and both were placed on probation.

Each parent asserts long-standing sobriety: the father claimed he had not used illegal substances in twenty years while the mother claimed at least five years. And yet, police found methamphetamine openly displayed in their home in 2019, T.F.-G. tested positive for methamphetamine after a trial period home in summer 2020, and the mother and L.F. both tested positive for methamphetamine in January 2021. Neither parent participated in substance-abuse treatment, and the mother did not acknowledge she and her child had tested positive for drugs in January 2021 during her substance-abuse evaluation. The mother participated in some mental-health treatment until August, but the father failed to seek a mental-health evaluation or any mental-health or substance-abuse treatment.

We determine, as did the juvenile court, L.F. cannot be returned safely to the parents at present with their history of exposing children to methamphetamine and their continued refusal to take any responsibility for this child's exposure before birth. The parents blame DHS, the testing facility, and type of test. Neither is willing or able to examine themselves, their environment, or take action to ensure

---

[1] The mother's parental rights to a third child were terminated in 2014 on grounds of the mother's "chronic abuse of methamphetamine." *In re P.D.*, No. 14-0931, 2014 WL 3939481, at *2 (Iowa Ct. App. Aug. 13, 2014). She also has two other children who are not in her care. *See T.F.-G*, 2021 WL 3909818, at *1.

a drug-free lifestyle for the child.[2] We find clear and convincing evidence the child could not be returned to either parent's custody.

In determining the best interests of the child, we give primary consideration to the child's safety; the best placement for the long-term nurturing and growth of the child; and the physical, mental, and emotional needs of the child. Iowa Code § 232.116(2). The parents' young children in their care have repeatedly tested positive for methamphetamine, and yet the parents deny the exposure or any responsibility for it. This child has never been in the parents' custody, and neither provides any explanation why a return to their custody is in the child's best interests. The father argues he has been building a bond with the child, but DHS reports few visits in July and the parents refused visits in August in anticipation of termination. Here, the parents' actions—and inaction—speak louder than any assertion of a bond. The father has not acted as if he is closely bonded to the child. We find termination is in the child's best interests.

The mother suggests the court could place the child in a family member's custody, establish a guardianship, and then apply a permissive exception to termination. *See id.* § 232.116(3)(a). However, the mother made the same argument regarding T.F.-G. Then, as now, a guardianship is not appropriate or in the child's best interests. *See In re A.S.*, 906 N.W.2d 467, 477 (Iowa 2018) ("[A]

---

[2] The parents refused to participate in sweat-patch tests, asserting the results were false. They demanded other tests instead. Neither parent presented any evidence to support their claim sweat-patch tests are unreliable, and we have observed the tests to be "a generally reliable method for determining drug use." *In re A.C.*, No. 20-0736, 2020 WL 4516075, at *2 (Iowa Ct. App. Aug. 5, 2020) (citation omitted).

guardianship is not a legally preferable alternative to termination." (citation omitted)).  We affirm the termination of the parental rights of both parents.

**AFFIRMED ON BOTH APPEALS.**